IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CORNELL F. DAYE,                    )
                                    )
            Petitioner,             )
                                    )
v.                                  )          Civil Action No. 5:08-0215
                                    )
DAVID BALLARD, Warden,              )
                                    )
            Respondent.             )

## O R D E R

Pending before of Court is Petitioner's "Notice of Exhaustion of State Court Remedies and Motion to Reopen § 2254 Petition," filed on April 14, 2014. (Document Nos. 47.) By Order entered on April 21, 2014, the undersigned directed Respondent to file a Response. (Document No. 55.) Respondent filed his Response on April 30, 2014. (Document No. 57.)

1.    *Motion to Reopen:*

By Order entered on March 3, 2009, the Court granted Petitioner's "Motion to Hold in Abeyance 2254 Petition for Habeas Corpus." (Document No. 16.) The undersigned directed that Petitioner and/or Respondent notify the Court promptly when Petitioner's State *habeas* proceedings were concluded. (Id.) On April 14, 2014, Petitioner filed his instant "Notice of Exhaustion of State Court Remedies and Motion to Reopen § 2254 Petition." (Document Nos. 47.) Specifically, Petitioner advised the Court that his State *habeas* proceedings have concluded. (Id., p. 1.) As an Exhibit, Petitioner attaches a copy of the West Virginia Supreme Court of Appeal's "Memorandum Decision" as filed on April 4, 2014, affirming the denial of his *habeas* petition. (Id., pp. 2 - 3.) In Response, Respondent states that he "does not oppose returning this case to the active docket." (Document No. 57.) Thus, a review of the record reveals that Petitioner's State *habeas* proceedings

have concluded. Therefore, it is hereby **ORDERED** that Petitioner's Motion to Reopen is **GRANTED** and the above matter be **REINSTATED** to the active docket of the Court.

       2.    *Motion to Amend:*

In his "Notice of Exhaustion of State Court Remedies and Motion to Reopen § 2254 Petition," Petitioner requests that "this court reopen his § 2254 petition by ordering the Office of Attorney General to answer the three grounds raised in the original petition along with the grounds raised in the petition that accompanies the current notice and motion." (Document No. 47, p. 1.) Petitioner filed a copy his Supplemental Section 2254 Petition and Memorandum in Support. (Document Nos. 44 and 45.)

In Response, Respondent states that he "object to Petitioner's attempt to informally amend his Petition through his Notice." (Document No. 57.) Respondent explains that "[i]n the Notice, Petitioner states that Respondent should answer 'the three grounds raised in the original petition along with grounds raised in the petition that accompanies the current notice and motion.'" (Id., p. 1.) Respondent argues that "it is unclear which additional grounds Petitioner is referencing." Respondent, therefore, states that "[i]f Petitioner wishes to raise additional grounds for habeas corpus relief that are not in his original Petition, Petitioner should move to amend his Petition so those claims can be properly presented." (Id., p. 2.)

The undersigned construes Petitioner's request that this Court order Respondent "to answer the three grounds raised in the original petition along with the grounds raised in the petition that accompanies the current notice and motion" as a Motion to Amend his Section 2254 Petition. Rule 12 of the Rules Governing Section 2254 Proceedings for the United States District Courts provides that the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings. Pursuant to Rule 15(a)(1)(A) of the Federal

2

Rules of Civil Procedure, a party may amend his pleadings "once as a matter of course within: (A) 21 days after serving it . . .." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

A review of the record reveals that Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 31, 2008. (Document No. 1.) Petitioner stated three grounds for *habeas* relief as follows:

1.   Whether double jeopardy and collateral estoppel principles precluded the State from seeking an additional enhancement of Petitioner's sentence to life under W.Va. Code § 61-11-18 where the new sentence was an increase and the State had already prevailed in enhancing Petitioner's sentence to two to thirty years under W.Va. Code § 60A-4-408 as a second or subsequent offender, in violation of clearly established federal law and the United States Constitution.

2.   Whether the more specific recidivist statute (W.Va. Code § 60A-4-408) should have taken precedent over West Virginia's general habitual criminals statute, W.Va. Code §61-11-18, where the State had originally used the first and Petitioner was convicted of non-violent drug offenses. The State Court decision was therefore in violation of clearly established federal law.

3.   Whether the offense of possession with the intent to deliver a controlled substance without specific violence to an actual person warrants a life sentence as analyzed under the West Virginia Constitution's proportionality principle which states that all punishment must be proportionate to the severity, degree and circumstances of the offense. Whether the West Virginia Supreme Court, in affirming the decision of the lower Court finding controlled substance offenses involving crack cocaine presumptively crimes of violence, is systematic racism. The decision of the lower Court therefore violates Petitioner's right to equal protection of the law and also violates clearly established federal law.

Petitioner also filed a "Motion to Hold in Abeyance 2254 Petition for Habeas Corpus." (Document No. 2.) Petitioner claimed that the West Virginia Supreme Court of Appeals had resolved certain of his State *habeas* claims, but had remanded other claims to the Circuit Court for further

consideration. (Id.)

On June 10, 2008, Respondent filed a Response to Petitioner's Section 2254 Petition and a Response in Support of Petitioner's Motion for Stay and Abeyance. (Document Nos. 11 and 12.) Respondent acknowledged that "Petitioner's three federal claims raised in the present petition have been exhausted in the state courts." Respondent further concurred that Petitioner's State *habeas* proceedings remain pending in consideration of "additional habeas issues" by virtue of the West Virginia Supreme Court of Appeals' remand. Respondent therefore joined "the Petitioner in moving this Court to stay proceedings on the present federal petition on the grounds that Petitioner has been given an opportunity by the West Virginia Supreme Court of Appeals to properly exhaust his available state court remedies with respect to additional habeas claims, as required by 28 U.S.C. § 2254(b)." By Order entered on March 3, 2009, the Court granted Petitioner's "Motion to Hold in Abeyance 2254 Petition for Habeas Corpus" (Document No. 16.)

Based upon the foregoing, the undersigned finds that Petitioner's Motion to Amend should be granted. Petitioner's State *habeas* proceedings have recently concluded and Petitioner appears to wish to amend his Petition to include claims recently considered in the State proceedings. Specifically, Petitioner seeks to "include eight additional grounds to the three (3) ground he has already raised in his original habeas corpus." (Document No. 44.) Respondent objects to the amendment claiming that "it is unclear which additional grounds Petitioner is referencing." (Document No. 57.) A review of the record, however, reveals that Petitioner's original Petition contains three grounds of error and the "Memorandum" to his Supplemental Petition contains the "eight additional grounds." (Document Nos. 1 and 45.) Therefore, Respondent's objection is without merit.

4

Accordingly, it is hereby **ORDERED** that Petitioner's Motion to Amend (Document No. 47.) is **GRANTED**. It is further **ORDERED** that Respondent shall by **June 5, 2014**, file an Answer to the allegations contained in the Petitioner's Original and Amended Petition (Document No. 1, 44, 45.) and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. The Respondent's Answer shall be in conformity with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. In Answering, Respondent shall therefore, respond to the issues raised in Petitioner's Application, include copies of Court and other records which would facilitate determination of the issues raised, and include a paragraph indicating whether or not Petitioner has exhausted his State remedies as required by 28 U.S.C. § 2254. The Petitioner may, if he wishes, file a Reply or Objections to Respondent's Answer by **July 5, 2014**.

The Clerk is requested to mail a copy of this Order to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: May 6, 2014.

R. Clarke VanDervort
United States Magistrate Judge

5